UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                  )
EDDIE STEWART,                    )
                                  )
               Plaintiff,         )
                                  )
          v.                      )   Civil Action No.
                                  )
BETH ISRAEL DEACONESS MEDICAL     )
CENTER, INC., DONNA TOBEY HALLETT,)
BETSY GRADY, STEPHEN MITCHELL,    )
SCOTT TOOTILL, and ENDA REDFIELD, )
                                  )
               Defendants.        )
                                  )
_____ )
```

## NOTICE OF REMOVAL

All of the Defendants (Beth Israel Deaconess Medical Center, Inc., Donna Tobey Hallett, Betsy Grady, Stephen Mitchell, Scott Tootill, and Enda Redfield) hereby submit the following Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, and as grounds for removal state as follows:

1.   On or about February 15, 2000, the Defendants were served with a Summons and Complaint filed by the Plaintiff against the Defendants in Suffolk County (Massachusetts) Superior Court (Civil Action No. 00-0574-B) alleging that the Defendants had violated 42 U.S.C. § 1981, had violated Mass. Gen. L. c. 151B, had committed defamation, and had committed an

-1-

**DOCKETED**

invasion of privacy.  A true and accurate copy of the six

Summonses and of the Complaint And Jury Demand are attached

hereto as Exhibit A.

2.   On February 24, 2000, the Plaintiff served by mail an

Amended Complaint And Jury Demand alleging that the Defendants

had violated 42 U.S.C. § 1981, had violated Mass. Gen. L. c.

151B, had committed defamation, had committed an invasion of

privacy in violation of Mass. Gen. L. c. 214, § 1B, had

committed a negligent infliction of emotional distress, and had

committed an intentional infliction of emotional distress.   A

true and accurate copy of the Amended Complaint And Jury Demand

is attached hereto as Exhibit B.

3.   Other than (a) the Complaint And Jury Demand, and (b)

the Amended Complaint And Jury Demand, no further pleadings have

been filed in court, and no court action has been taken in this

case.

4.   This Court has original jurisdiction over the federal

claim contained in the Complaint And Jury Demand and the Amended

Complaint And Jury Demand pursuant to 28 U.S.C. § 1331.  Because

the federal claim is joined with one or more otherwise non-

removable claims, those claims are removable along with the

federal claim pursuant to 28 U.S.C. §§ 1367 and 1441(c).

WHEREFORE, the Defendants pray that the above-described action pending against them in Suffolk County (Massachusetts) Superior Court (Civil Action No. 00-0574-B) be removed therefrom to this Court.

Respectfully submitted,

BETH ISRAEL DEACONESS MEDICAL CENTER, INC., DONNA TOBEY HALLETT, BETSY GRADY, STEPHEN MITCHELL, SCOTT TOOTILL, and ENDA REDFIELD,

By their attorneys,

Kay H. Hodge (BBO # 236560)
Geoffrey R. Bok (BBO #550851)
Stoneman, Chandler & Miller LLP
99 High Street
Boston, MA  02110
(617) 542-6789

Dated:  March 3, 2000

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) 3/3/00 on _____

-3-

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. _00-0574-B_

Eddie Stewart _____ , Plaintiff(s)

v.

Beth Isreel Deaconess Medical Ctr., Dorr
Tobey-Hallett, Betsy Grady, Erde ___ , Defendant(s)
Redfield, Stephen Mitchell and Scott Toothill

## SUMMONS

To the above-named Defendant: Beth Isreel Deaconess Medical<

You are hereby summoned and required to serve upon Deborah L. Schreiber

plaintiff's attorney, whose address is 23 Harris St. Waltham, MA 02452, an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio ████████ Esquire, at Boston, the _____10th_____day of
_February_____ , in the year of our Lord ████████████████ two thousand
_____.

*Michael Joseph Donovan*

_Peter T. Joe_

Clerk/Magistrate

A true copy Attest:

**Deputy Sheriff Suffolk County**



NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
(1) TORT   (2) MOTOR VEHICLE TORT   (3) CONTRACT   (4) EQUITABLE RELIEF   (5) OTHER

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

# Commonwealth of Massachusetts



SUFFOLK, ss.

**SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION**

No. _00-0574-B_

_Eddie Stewart_____ , Plaintiff(s)

v.

_Beth Isreal Deaconess medical Ctr., Donna Tobey-Hollett, Betsy Grady, Stephen mitchell, Scott Tootill and Erde Redfield_ , Defendant(s)

## SUMMONS

To the above-named Defendant: _Donna Tobey-Hollett_

You are hereby summoned and required to serve upon _Deborah L. Schreiber_

plaintiff's attorney, whose address is _23 Harris St., Waltham, MA 02452_, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio Esquire, at Boston, the_____10th_____day of _February_ , in the year of our Lord _two thousand_

_Michael Joseph Donovan_

Deputy Sheriff Suffolk County

A true copy Attest: 2/8/00  **Deputy Sheriff Suffolk County**

<div style="writing-mode: vertical-lr">NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.</div>

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED

(1) TORT   (2) MOTOR VEHICLE TORT   (3) CONTRACT   (4) EQUITABLE RELIEF   (5) OTHER

# Commonwealth of Massachusetts

SUFFOLK, ss.



**SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION**

No. *00-0574-B*

Eddie Stewart , Plaintiff(s)

v.

Beth Israel Deaconess Medical Ctr, Donna
Tobey-Hallett, Betsy Grady, Stephen Mitchell
Scott Toothhird Ende Redfield , Defendant(s)

## SUMMONS

To the above-named Defendant: Betsy Grady

You are hereby summoned and required to serve upon Deborah L. Schreiber

plaintiff's attorney, whose address is 23 Herns St. Waltham, MA 02452, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio Esquire, at Boston, the 10th day of February , in the year of our Lord ████████████ two thousand

*Michael Joseph Donovan*

Clerk/Magistrate

**A true copy Attest:** 
Deputy Sheriff Suffolk County

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

1. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED

   (1) TORT    (2) MOTOR VEHICLE TORT    (3) CONTRACT    (4) EQUITABLE RELIEF    (5) OTHER

**NOTICE TO DEFENDANT** — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

# Commonwealth of Massachusetts

**SUFFOLK, ss.**



**SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT CIVIL ACTION**

No. _M - 0574 - B_

_Eddie Stewart_ , Plaintiff(s)

v.

_Beth Isreel Deconess Medical ctr, Donna Tobey-Hollett, Betty Grady, Stephen mitchell Scott Toothllcad Ende Redfield_ , Defendant(s)

## SUMMONS

To the above-named Defendant: _Stephen Mitchell_

You are hereby summoned and required to serve upon _Deborah L. Schreiber_

plaintiff's attorney, whose address is _23 Herns St. Waltham, MA 02452_ , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Suzanne V. DelVecchio** ~~███████████~~ Esquire, at Boston, the _____ _10th_ _____ day of _February_ _____ , in the year of our Lord ~~███████████~~ _two thousand_

_Michael Joseph Donovan_

~~_Peter T. Joe_~~ _____ Clerk/Magistrate

**A true copy Attest:**

**Deputy Sheriff Suffolk County**

**NOTES.**

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED

(1) TORT   (2) MOTOR VEHICLE TORT   (3) CONTRACT   (4) EQUITABLE RELIEF   (5) OTHER

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. _OM-0574-B_

_Eddie Stewart_ , Plaintiff(s)

v.

_Beth Israel Deaconess Medical Ctr, Donna Tobey-Hallett, Betsy Grady, Stephen Mitchell Scott Toothill and Eric Redfield_ , Defendant(s)

## SUMMONS

To the above-named Defendant: _Scott Toothill_

You are hereby summoned and required to serve upon _Deborah L. Schreiber_

_____

plaintiff's attorney, whose address is _23 Harris St. Waltham, MA 02452_ , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio ▬▬▬▬▬▬ Esquire, at Boston, the ___10th___ day of _February_ , in the year of our Lord ▬▬▬▬▬▬▬▬▬ two thousand

_Michael Joseph Donovan_

Clerk/Magistrate

A true copy/Attest:

1/11/00

**Deputy Sheriff Suffolk County**

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
   (1) TORT   (2) MOTOR VEHICLE TORT   (3) CONTRACT   (4) EQUITABLE RELIEF   (5) OTHER

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

# Commonwealth of Massachusetts

**SUFFOLK, ss.**



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. _00-0574'B_

Eddie Stewart , Plaintiff(s)

v.

Beth Israel Deaconess medical Ctr., Donna
Tobey Hallett, Betsy Grady, Stephen mitchell
Scott Tootill and Enda Redfield , Defendant(s)

## SUMMONS

To the above-named Defendant: Enda Redfield

You are hereby summoned and required to serve upon Deborah L. Schreibe

plaintiff's attorney, whose address is 23 Harris St Waltham mA 02452 , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the _10th_ day of _February_, in the year of our Lord ▮▮▮▮▮▮▮▮▮▮▮▮▮ two thousand

*Michael Joseph Donovan*

Clerk/Magistrate

Deputy Sheriff Suffolk County

A true copy Attest

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

**NOTES.**
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
(1) TORT   (2) MOTOR VEHICLE TORT   (3) CONTRACT   (4) EQUITABLE RELIEF   (5) OTHER

## COMMONWEALTH OF MASSACHUSETTS
## THE TRIAL COURT

SUFFOLK, ss                                         **SUPERIOR COURT DEPARTMENT**
                                                    Docket #  CO - O574 B

| | |
|---|---|
| **EDDIE STEWART** | ) |
| Plaintiff | ) |
| | ) |
| **v.** | ) |
| | ) |
| **BETH ISRAEL DEACONESS** | ) |
| **MEDICAL CENTER, INC.,** | ) **COMPLAINT AND JURY DEMAND** |
| **DONNA TOBEY HALLETT,** | ) |
| **BETSY GRADY,** | ) |
| **STEPHEN MITCHELL,** | ) |
| **SCOTT TOOTILL AND** | ) |
| **ENDA REDFIELD** | ) |
| Defendants | ) |

### NATURE OF ACTION

This action seeks compensatory, incidental and punitive damages together with injunctive

relief, costs and attorney's fees for the Defendants' violation of 42 U.S.C. 1981, M.G.L. c. 151B,

defamation and invasion of privacy.

### PARTIES

1.   Eddie Stewart ("Mr. Stewart") is a resident of Burlington, Middlesex County,

      Massachusetts.

2.   Beth Israel Deaconess Medical Center, Inc. (formerly, Beth Israel Hospital) is a duly

      organized corporation of the Commonwealth of Massachusetts.

3.   Donna Tobey Hallett ("Ms. Hallet") is a resident of Massachusetts

4.   Betsy Grady ("Ms. Grady") is a resident of Massachusetts.

5.   Stephen Mitchell (Mr. Mitchell") is a resident of Massachusetts.

6.   Scott Tootill ("Mr. Tootill") is a resident of Massachusetts.

7.   Enda Redfield ("Ms. Redfield") is a resident of Massachusetts.

## JURISDICTION

8.    Jurisdiction is found under M.G.L.c. 151B

## FACTUAL ALLEGATIONS

9.    Mr. Stewart is a black, forty three year old, Jamaican male.

10.    On or about December 21, 1998, Mr. Stewart filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination naming the defendants.

11.    On or about January 31, 2000, Mr. Stewart received a Notice of a Right to Sue from the EEOC.

12.    Mr. Stewart was hired by the Beth Israel Hospital on or about November, 1992, as part-time technologist in the Radiology Department.

13.    On or about February, 1993, Mr. Stewart switched to per-diem status so that he could pursue his studies in ultrasound.

14.    On or about November, 1993, Mr. Stewart applied for a position as night supervisor in the Radiology Department.

15.    On November 20, 1995, Mr. Stewart wrote to Ms. Grady seeking a position as a full-time Radiology Technologist, providing her with three letters of recommendation.

16.    On February 22, 1998, Mr. Stewart wrote to both Ms. Hallett and Ms. Grady complaining of being passed over for permanent status because of his race.

17.    On March 15, 1998, Mr. Stewart applied for a full-time position as a Radiology Technologist.

18.   On March 29, 1998, Mr. Stewart wrote to Judi Bieber ("Ms. Bieber"), of the Human Resources Department complaining of the disparate treatment he received in moving from a per diem to permanent employee.

19.   On April 19, 1998, Mr. Stewart wrote to Ms. Bieber complaining of the disparate treatment he received in moving from a per diem to permanent employee.

20.   On May 11, 1998, Mr. Stewart was offered a full-time per diem position instead of the position for the full-time employee position for which he had applied.

21.   On May 28, 1998, Mr. Stewart received a letter from Mr. Tootill titled "Memorandum of Understanding" wherein Mr. Tootill wrote of alleged inadequacies in Mr. Stewart's performance after two weeks in his full-time per diem position.

22.   On August 10, 1998, Mr. Stewart received a letter from Mr. Tootill and Ms. Grady titled "Final Warning" wherein Mr. Tootill wrote of alleged inadequacies in Mr. Stewart's performance.

23.   On August 12, 1998, Mr. Stewart wrote to Ms. Hallet, Ms. Grady and Mr. Tootill to complain about the disparate treatment he was receiving regarding his job performance evaluation.

24.   On August 13, 1998, Mr. Stewart wrote to Ms. Grady and Mr. Tootill regarding false statements made by Ms. Grady about Mr. Stewart.

25.   On August 16, 1998, Mr. Stewart wrote to Ms. Hallet, to complain about the disparate treatment he was receiving regarding complaints by superiors about his job performance.

26. On or about August, 1998, a white less qualified, under forty years of age male and a white less qualified, under forty years of age female were given permanent positions and Mr. Stewart was passed over.

27. On or about September 24, 1998, Ms. Redfield falsely reported seeing Mr. Stewart place a box of film in his locker.

28. On September 24, 1998, Ms. Bieber, in a very open and non-confidential manner, forced Mr. Stewart to open his locker so that it could be searched. There was nothing in the locker that came close in size to the box he was accused of placing in there.

29. On September 24, September 27, and October 4, 1998, Mr. Stewart wrote to Ms. Hallett to complain of this invasion of privacy, defamation and infliction of emotional distress.

30. Ms. Redfield was not punished for her false accusation.

31. On November 4, 1998, Mr. Stewart wrote to Ms. Hallett to complain about the disparate treatment he was receiving regarding complaints by superiors about his job performance.

32. On or about November, 1998, two white, less qualified, under forty years of age females were given permanent positions and Mr. Stewart was passed over.

33. On December 6, 1998, Mr. Stewart wrote to Ms. Bieber to complain about the disparate treatment he was receiving regarding complaints by superiors about his job performance and the failure to give him a permanent position.

34. On December 15, 1998, Mr. Stewart wrote to Ms. Bieber to complain about the disparate treatment he was receiving regarding complaints by superiors about his job performance and the failure to give him a permanent position.

35.    On December 17, 1998, Mr. Stewart wrote to Ms. Bieber to complain about the disparate treatment he was receiving regarding complaints by superiors about his job performance and the failure to give him a permanent position.

36.    On December 22, 1998, Mr. Stewart wrote to Mr. Mitchell to complain about the disparate treatment he was receiving regarding complaints by superiors about his job performance

37.    On December 27, 1998, Mr. Stewart wrote to Herbert Kressel, MD. and Mr. Mitchell to complain about the disparate treatment he was receiving regarding complaints by superiors about his job performance and the failure to give him a permanent position.

38.    On January 8, 1999, Mr. Stewart received a letter from Ms. Grady and Ms. Hallet confirming that his employment was terminated effective December 31, 1998.

39.    On January 31, 1999, Mr. Stewart wrote to Ms. Hallett to complain about the disparate treatment he received regarding complaints by superiors about his job performance and the failure to give him a permanent position.  He gave Ms. Hallet specific examples of this disparate treatment.

40.    On February 7, 1999, Mr. Stewart wrote to Ms. Hallett to complain about the disparate treatment he received regarding complaints by superiors about his job performance and the failure to give him a permanent position.  He gave Ms. Hallet specific examples of this disparate treatment.

## COUNT I - VIOLATION OF M.G.L. C. 151B

41.    Plaintiff incorporates as if fully realleged, paragraphs 1 through 40 of this Complaint and Jury Demand.

42. The Defendants made false statements about Mr. Stewart's job performance so that he would be passed over for a permanent position.

43. The Defendants passed over Mr. Stewart for permanent positions while awarding permanent positions to persons who were white, less qualified, and under forty years of age.

44. The Defendants subjected Mr. Stewart to disparate treatment.

45. As a result of the Defendants' illegal discrimination, Mr. Stewart suffered severe emotional distress and financial damages.

    **WHEREFORE,** Mr. Stewart prays for judgment in an amount equal to his actual damages, punitive damages in an amount to be determined by the trier of fact after trial, and injunctive relief ordering the Defendants to give Mr. Stewart the job he was denied, together with costs and attorney's fees.

## COUNT II- VIOLATION OF 42 U.S.C. 1981

46. Plaintiff incorporates as if fully realleged, paragraphs 1 through 45 of this Complaint and Jury Demand.

47. The Defendants made false statements about Mr. Stewart's job performance so that he would be passed over for a permanent position.

48. The Defendants passed over Mr. Stewart for permanent positions while awarding permanent positions to persons who were white, less qualified, and under forty years of age.

49. The Defendants subjected Mr. Stewart to disparate treatment.

50.    As a result of the Defendants' illegal discrimination, Mr. Stewart suffered severe

emotional distress and financial damages.

**WHEREFORE**, Mr. Stewart prays for judgment in an amount equal to his actual

damages, punitive damages in an amount to be determined by the trier of fact after trial, and

injunctive relief ordering the Defendants to give Mr. Stewart the job he was denied, together with

costs and attorney's fees.

## COUNT III - DEFAMATION

51.    Plaintiff incorporates as if fully realleged, paragraphs 1 through 50 of this Complaint and

Jury Demand.

52.    On numerous occasions during the course of Mr. Stewart's employment, the Defendants

in conversations with and in the hearing and presence of others; and in writing to others

maliciously published of and concerning Mr. Stewart false, malicious and defamatory

words which imputed to Mr. Stewart misconduct in his profession.

53.    On or September 24, 1998, the Defendants in conversations with and in the hearing and

presence of others; and in writing to others maliciously published of and concerning Mr.

Stewart false, malicious and defamatory words which accused Mr. Stewart of theft of his

employer's property and imputed to Mr. Stewart misconduct in his profession.

54.    In these communications, the Defendants intended to injure the honesty, integrity, and

reputation of Mr. Stewart and thereby prejudice him in his profession.

55.    The words published by the Defendants were and are utterly false, malicious and

slanderous.

56.  By reason of the acts of the Defendants in and above publishing of the false, malicious and slanderous words and writings, Mr. Stewart was and is greatly and permanently injured and damaged in his good name and reputation and was and is prejudiced in his profession.

WHEREFORE, Mr. Stewart prays for judgment in an amount equal to his actual damages, and punitive damages in an amount to be determined by the trier of fact after trial together with costs and attorney's fees.

## COUNT IV-INVASION OF PRIVACY

57.  Plaintiff incorporates as if fully realleged, paragraphs 1 through 56 of this Complaint and Jury Demand.

58.  The Defendants unlawfully searched Mr. Stewart's private locker without his consent.

WHEREFORE, Mr. Stewart prays for judgment in an amount equal to his actual damages, and punitive damages in an amount to be determined by the trier of fact after trial together with costs and attorney's fees.

## JURY DEMAND

Mr. Stewart requests a speedy trial by jury on all counts.

Eddie Stewart,
by his attorney,

Date: February 10, 2000

Deborah L. Schreiber, BBO 564991
23 Harris Street
Waltham, MA 02452
(781) 642-6808

8

| CIVIL ACTION COVER SHEET | DOCKET No(s) | Trial Court of Massachusetts Superior Court Department County: Suffolk |
|---|---|---|

**PLAINTIFF(S)**
Eddie Stewart

**DEFENDANT(S)** Beth Israel Deaconess, Donna Tobey-Hallett, Betsy Grady, Stephen mitchell, Scott Toothill and Enda Redfield

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**
Deborah L. Schreiber
23 Harris st., Waltham, MA 00452
781-242-6808
Board of Bar Overseers number: BBO#564991

**ATTORNEY** (if known) Andrew Rodman
Stoneman, Chandler & Miller
99 High St.
Boston, MA 02110

## Origin code and track designation

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E9A | Discrimination (X) | (X) | (X) Yes ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .................................................... $........
2. Total Doctor expenses .................................................... $........
3. Total chiropractic expenses .................................................... $........
4. Total physical therapy expenses .................................................... $........
5. Total other expenses (describe) .................................................... 
   Subtotal $........
B. Documented lost wages and compensation to date   reserve right and will   $39,983.00
C. Documented property damages to date   update as soon as 1099s   $........
D. Reasonably anticipated future medical and hospital expenses   taxes are complete   $........
E. Reasonably anticipated lost wages .................................................... $........
F. Other documented items of damages (describe)
   $........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
Plaintiff suffered lost wages, lost benefits, emotional distress and injury to his reputation as a result of Defendants illegal refusal to promote and illegal search of private locker.   $1,500,000.00

TOTAL $1,539,983.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. ............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record   Deborah L. Schreiber   DATE: _____

AOTC-6 mlc005-11/99

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT

SUFFOLK, ss                                  SUPERIOR COURT DEPARTMENT
                                             Docket #00-0574-B

EDDIE STEWART                    )
    Plaintiff                    )
                                 )
    v.                           )
                                 )
BETH ISRAEL DEACONESS            )
MEDICAL CENTER, INC.,            )        AMENDED COMPLAINT AND
DONNA TOBEY HALLETT,             )        JURY DEMAND
BETSY GRADY,                     )
STEPHEN MITCHELL,                )
SCOTT TOOTILL AND                )
ENDA REDFIELD                    )
    Defendants                   )

       Pursuant to Massachusetts Rule of Civil Procedure 15(a), the Plaintiff hereby amends his Complaint and Jury Demand.

## NATURE OF ACTION

       This action seeks compensatory, incidental and punitive damages together with injunctive relief, costs and attorney's fees for the Defendants' violation of 42 U.S.C. 1981, M.G.L. c. 151B, defamation and invasion of privacy.

## PARTIES

1.    Eddie Stewart ("Mr. Stewart") is a resident of Burlington, Middlesex County, Massachusetts.

2.    Beth Israel Deaconess Medical Center, Inc. (formerly, Beth Israel Hospital) is a duly organized corporation of the Commonwealth of Massachusetts.

3.    Donna Tobey Hallett ("Ms. Hallet") is a resident of Massachusetts

4.    Betsy Grady ("Ms. Grady") is a resident of Massachusetts.

5.    Stephen Mitchell (Mr. Mitchell") is a resident of Massachusetts.

6.    Scott Tootill ("Mr. Tootill") is a resident of Massachusetts.

7.   Enda Redfield ("Ms. Redfield") is a resident of Massachusetts.

## JURISDICTION

8.   Jurisdiction is found under M.G.L.c. 151B

## FACTUAL ALLEGATIONS

9.   Mr. Stewart is a black, forty three year old, Jamaican male.

10.  On or about December 21, 1998, Mr. Stewart filed a Charge of Discrimination with the

Massachusetts Commission Against Discrimination naming the defendants.

11.  On or about January 31, 2000, Mr. Stewart received a Notice of a Right to Sue from the

EEOC.

12.  Mr. Stewart was hired by the Beth Israel Hospital on or about November, 1992, as part-

time technologist in the Radiology Department.

13.  On or about February, 1993, Mr. Stewart switched to per-diem status so that he could

pursue his studies in ultrasound.

14.  On or about November, 1993, Mr. Stewart applied for a position as night supervisor in the

Radiology Department.

15.  On November 20, 1995, Mr. Stewart wrote to Ms. Grady seeking a position as a full-time

Radiology Technologist, providing her with three letters of recommendation.

16.  On February 22, 1998, Mr. Stewart wrote to both Ms. Hallett and Ms. Grady complaining

of being passed over for permanent status because of his race.

17.  On March 15, 1998, Mr. Stewart applied for a full-time position as a Radiology

Technologist.

18.   On March 29, 1998, Mr. Stewart wrote to Judi Bieber ("Ms. Bieber"), of the Human Resources Department complaining of the disparate treatment he received in moving from a per diem to permanent employee.

19.   On April 19, 1998, Mr. Stewart  wrote to Ms. Bieber complaining of the disparate treatment he received in moving from a per diem to permanent employee.

20.   On May 11, 1998, Mr. Stewart was offered a full-time per diem position instead of the position for the full-time employee position for which he had applied.

21.   On May 28, 1998, Mr. Stewart received a letter from Mr. Tootill titled "Memorandum of Understanding" wherein Mr. Tootill wrote of alleged inadequacies in Mr. Stewart's performance after two weeks in his full-time per diem position.

22.   On August 10, 1998, Mr. Stewart received a letter from Mr. Tootill and Ms. Grady titled "Final Warning" wherein Mr. Tootill wrote of alleged inadequacies in Mr. Stewart's performance.

23.   On August 12, 1998, Mr. Stewart wrote to Ms. Hallet, Ms. Grady and Mr. Tootill to complain about the disparate treatment he was receiving regarding his job performance evaluation.

24.   On August 13, 1998, Mr. Stewart wrote to Ms. Grady and Mr. Tootill regarding false statements made by Ms. Grady about Mr. Stewart.

25.   On August 16, 1998, Mr. Stewart wrote to Ms. Hallet, to complain about the disparate treatment he was receiving regarding complaints by superiors about his job performance.

3

26.    On or about August, 1998, a white less qualified, under forty years of age male and a

white less qualified, under forty years of age female were given permanent positions and

Mr. Stewart was passed over.

27.    On or about September 24, 1998, Ms. Redfield falsely reported seeing Mr. Stewart place a

box of film in his locker.

28.    On September 24, 1998, Ms. Bieber, in a very open and non-confidential manner, forced

Mr. Stewart to open his locker so that it could be searched.  There was nothing in the

locker that came close in size to the box he was accused of placing in there.

29.    On September 24, 1998, Ms. Bieber did not conduct any investigation prior to searching

Mr. Stewart's private locker and subjecting him to horrible embarrassment.

30.    Many other employees knew that Mr. Stewart had been forced to have his locker

searched.

31.    As a result of the search Mr. Stewart suffered severe emotional distress.

32.    On September 24, September 27, and October 4, 1998, Mr. Stewart wrote to Ms. Hallett

to complain of this invasion of privacy, defamation and infliction of emotional distress.

33.    Ms. Redfield was not punished for her false accusation.

34.    On November 4, 1998, Mr. Stewart wrote to Ms. Hallett to complain about the disparate

treatment he was receiving regarding complaints by superiors about his job performance.

35.    On or about November, 1998, two white, less qualified, under forty years of age females

were given permanent positions and Mr. Stewart was passed over.

4

36.     On December 6, 1998, Mr. Stewart wrote to Ms. Bieber to complain about the disparate

        treatment he was receiving regarding complaints by superiors about his job performance

        and the failure to give him a permanent position.

37.     On December 15, 1998, Mr. Stewart wrote to Ms. Bieber to complain about the disparate

        treatment he was receiving regarding complaints by superiors about his job performance

        and the failure to give him a permanent position.

38.     On December 17, 1998, Mr. Stewart wrote to Ms. Bieber to complain about the disparate

        treatment he was receiving regarding complaints by superiors about his job performance

        and the failure to give him a permanent position.

39.     On December 22, 1998, Mr. Stewart wrote to Mr. Mitchell to complain about the

        disparate treatment he was receiving regarding complaints by superiors about his job

        performance

40.     On December 27, 1998, Mr. Stewart wrote to Herbert Kressel, MD. and Mr. Mitchell to

        complain about the disparate treatment he was receiving regarding complaints by superiors

        about his job performance and the failure to give him a permanent position.

41.     On January 8, 1999, Mr. Stewart received a letter from Ms. Grady and Ms. Hallet

        confirming that his employment was terminated effective December 31, 1998.

42.     On January 31, 1999, Mr. Stewart wrote to Ms. Hallett to complain about the disparate

        treatment he received regarding complaints by superiors about his job performance and the

        failure to give him a permanent position.  He gave Ms. Hallet specific examples of this

        disparate treatment.

5

43.   On February 7, 1999, Mr. Stewart wrote to Ms. Hallett to complain about the disparate

treatment he received regarding complaints by superiors about his job performance and the

failure to give him a permanent position.  He gave Ms. Hallet specific examples of this

disparate treatment.

### COUNT I - VIOLATION OF M.G.L. C. 151B

44.   Plaintiff incorporates as if fully realleged, paragraphs 1 through 43 of this Complaint and

Jury Demand.

45.   The Defendants made false statements about Mr. Stewart's job performance so that he

would be passed over for a permanent position.

46.   The Defendants passed over Mr. Stewart for permanent positions while awarding

permanent positions to persons who were white, less qualified, and under forty years of

age.

47.   The Defendants subjected Mr. Stewart to disparate treatment.

48..   As a result of the Defendants' illegal discrimination, Mr. Stewart suffered severe

emotional distress and financial damages.

   **WHEREFORE,** Mr. Stewart prays for judgment in an amount equal to his actual

damages, punitive damages in an amount to be determined by the trier of fact after trial, and

injunctive relief ordering the Defendants to give Mr. Stewart the job he was denied, together with

costs and attorney's fees.

### COUNT II- VIOLATION OF 42 U.S.C. 1981

49.   Plaintiff incorporates as if fully realleged, paragraphs 1 through 48 of this Complaint and

Jury Demand.

50.    The Defendants made false statements about Mr. Stewart's job performance so that he

would be passed over for a permanent position.

51.    The Defendants passed over Mr. Stewart for permanent positions while awarding

permanent positions to persons who were white, less qualified, and under forty years of

age.

52.    The Defendants subjected Mr. Stewart to disparate treatment.

53.    As a result of the Defendants' illegal discrimination, Mr. Stewart suffered severe

emotional distress and financial damages.

**WHEREFORE**, Mr. Stewart prays for judgment in an amount equal to his actual

damages, punitive damages in an amount to be determined by the trier of fact after trial, and

injunctive relief ordering the Defendants to give Mr. Stewart the job he was denied, together with

costs and attorney's fees.

## COUNT III - DEFAMATION

54.    Plaintiff incorporates as if fully realleged, paragraphs 1 through 53 of this Complaint and

Jury Demand.

55.    On numerous occasions during the course of Mr. Stewart's employment, the Defendants

in conversations with and in the hearing and presence of others; and in writing to others

maliciously published of and concerning Mr. Stewart false, malicious and defamatory

words which imputed to Mr. Stewart misconduct in his profession.

56.    On or September 24, 1998, the Defendants in conversations with and in the hearing and

presence of others; and in writing to others maliciously published of and concerning Mr.

Stewart false, malicious and defamatory words which accused Mr. Stewart of theft of his employer's property and imputed to Mr. Stewart misconduct in his profession.

57.     In these communications, the Defendants intended to injure the honesty, integrity, and reputation of Mr. Stewart and thereby prejudice him in his profession.

58.     The words published by the Defendants were and are utterly false, malicious and slanderous.

59.     By reason of the acts of the Defendants in and above publishing of the false, malicious and slanderous words and writings, Mr. Stewart was and is greatly and permanently injured and damaged in his good name and reputation and was and is prejudiced in his profession.

        **WHEREFORE**, Mr. Stewart prays for judgment in an amount equal to his actual damages, and punitive damages in an amount to be determined by the trier of fact after trial together with costs and attorney's fees.

## COUNT IV-INVASION OF PRIVACY- VIOLATION OF M.G.L. c. 214, §1B

60.     Plaintiff incorporates as if fully realleged, paragraphs 1 through 56 of this Complaint and Jury Demand.

61.     The Defendants unlawfully searched Mr. Stewart's private locker without his consent

62.     The search of Ms. Stewart's private locker was unreasonable and a serious invasion of his privacy.

        **WHEREFORE**, Mr. Stewart prays for judgment in an amount equal to his actual damages, and punitive damages in an amount to be determined by the trier of fact after trial together with costs and attorney's fees.

8

## COUNT V - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

63.  Plaintiff incorporates as if fully realleged, paragraphs 1 through 62 of this Complaint and Jury Demand.

64.  The Defendants through their intentional, continual and wrongful acts, which amounted to extreme and outrageous conduct, caused Mr. Stewart severe emotional distress.

65.  The Defendants knew or should have known that their intentional, continual and wrongful acts, which amounted to extreme and outrageous conduct, would cause Mr. Stewart severe emotional distress.

66.  As a result thereof, Mr. Stewart suffered severe emotional distress, loss of wages, loss of his job and incidental damages.

WHEREFORE, the Plaintiff prays for judgement in an amount equal to the Plaintiff's actual damages and punitive damages in an amount to be determined by the trier of fact after trial, together with costs and attorney's fees.

## COUNT VI - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

67.  Plaintiff incorporates as if fully realleged, paragraphs 1 through 66 of this Complaint and Jury Demand.

68.  The Defendants through their negligent wrongful acts caused Mr. Stewart severe emotional distress.

69.  As a result thereof, Mr. Stewart suffered, severe emotional distress, loss of wages, loss of his job and incidental damages.

**WHEREFORE,** the Plaintiff prays for judgement in an amount equal to the Plaintiff's actual damages and punitive damages in an amount to be determined by the trier of fact after trial, together with costs and attorney's fees.

### JURY DEMAND

Mr. Stewart requests a speedy trial by jury on all counts.

Eddie Stewart,
by his attorney,

Date: February 24, 2000

Deborah L. Schreiber, BBO 564991
23 Harris Street
Waltham, MA 02452
(781) 642-6808

### CERTIFICATE OF SERVICE

I hereby certify that I have this day, February 24, 2000 served a true and correct copy of the forgoing upon the following by first class mail service, postage prepaid. I also certify that as of February 24, 2000, I have not been served with a responsive pleading to the original Complaint and Jury Demand.

Andrew Rodman, Esq.
Stoneman, Chandler & Miller
99 High Street
Boston, MA 02110

Deborah L. Schreiber

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Eddie Stewart

## DEFENDANTS

Beth Israel Deaconess Medical Center, Inc.,
Donna Tobey Hallett, Betsy Grady,
Stephen Mitchell, Scott Toothill, and Enda
Redfield

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Middlesex**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **Suffolk**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Deborah L. Schreiber
23 Harris Street
Waltham, MA 02452 (781)642-6808

ATTORNEYS (IF KNOWN)

00 CV 10401 PBS

Kay H. Hodge/Geoffrey R. Bok
Stoneman, Chandler & Miller LLP
99 High Street, Boston, MA 02110 (617)542-6789

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. Section 1981, and state law claims, filed by plaintiff against his former employer and individuals that were affiliated with that employer.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $1,539,983.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) (See instructions): IF ANY

JUDGE _____ DOCKET NUMBER _____

DATE
3/3/00

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __Eddie Stewart v. Beth Israel__

    __Deaconess Medical Center, Inc., et al.__

2.  CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE

    CIVIL COVER SHEET.   (SEE LOCAL RULE 40.1(A)(1)).

    ___   I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    _X_   II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
                740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

    ___   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                380, 385, 450, 891.

    ___   IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                690, 810, 861-865, 870, 871, 875, 900.

    ___   V.    150, 152, 153.

3.  TITLE AND NUMBER, IF ANY, OF RELATED CASES.  (SEE LOCAL RULE 40.1(E)).
    __None__

4.  HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS
    COURT?                                                           YES ☐   NO ☒  .

5.  DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE
    PUBLIC INTEREST?   (SEE 28 USC 2403)                             YES ☐   NO ☒
    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                                     YES ☐   NO ☐

6.  IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO
    TITLE 28 USC 2284?                                               YES ☐   NO ☒

7.  DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS
    (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).                   YES ☐   NO ☒
    OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? -
    (SEE LOCAL RULE 40.1(D)).                                        YES ☐   NO ☒

8.  DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF
    THE DISTRICT?                                                    YES ☐   NO ☒
    (a)      IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE?_____

9.  IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE?_____

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL
    AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE
    CENTRAL SECTION;  YES ☐ NO ☐          OR WESTERN SECTION;  YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME_ Kay H. Hodge/Geoffrey R. Bok _____
ADDRESS_ Stoneman, Chandler & Miller LLP, 99 High Street, Boston, MA 02110 _____
TELEPHONE NO._ (617) 542-6789 _____

(Categfrm.rev - 3/97)

## STONEMAN, CHANDLER & MILLER LLP

ALAN S. MILLER
ROBERT CHANDLER
CAROL CHANDLER
KAY H. HODGE
ROBERT G. FRASER
MACON P. MAGEE
MIRIAM K. FREEDMAN
REBECCA L. BRYANT

99 HIGH STREET
BOSTON, MASSACHUSETTS 02110

(617) 542-6789

TELECOPIER (617) 556-8989

Mar 3   12 28 PM '00

NANCY N. NEVILS
GEOFFREY R. BOK
JOAN L. STEIN
KAREN SHAFFER LEVY
SANDRA L. MOODY
RONALD M. JACOBS
ANDREW L. RODMAN
JOHN M. SIMON

March 3, 2000

<u>BY HAND</u>

Civil Clerk's Office             00 CV 10401 PBS
United States District Court
One Courthouse Way
Boston, MA  02210

        Re:  Stewart v. Beth Israel Deaconess Medical Center, Inc.
             et al.
             (Mass. Suffolk Superior Court No. 00-0574-B)
             <u>Notice of Removal</u>

Dear Sir/Madam:

        Enclosed please find for filing in the above-captioned
matter:

1.   Civil Cover Sheets;

2.   Filing Fee; and

3.   Notice Of Removal.

        Please docket this matter.  Thank you.

                                Sincerely,

                                Geoffrey R. Bok

GRB/g
Enclosures
cc:  Deborah L. Schreiber, Esquire